UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CINQUAN BLAKNEY,<br><br>Defendant. | Criminal Action No. 06-0021-01<br>RBW/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by indictment with unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); unlawful possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); and using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) .  A detention hearing was commenced by the undersigned United States Magistrate Judge on January 31, 2006, and continued on three separate occasions on the motion of the Defendant.  The detention hearing was concluded on February 9, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

United States v. Blakney                                                                                                   2

condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  See 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person

United States v. Blakney                                                                                                              3

and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed.  See 18 U.S.C. § 3142(e).

### III.  DISCUSSION

The government relied upon a proffer of evidence which has since been transcribed and filed (Docket No. 5).  The transcript is incorporated herein.

Counsel for Defendant proffered that Defendant had significant ties to the community. Defendant offered as an exhibit a letter from the Chief Executive Officer of Real Live Records, who stated that Defendant was the Chief Operating Officer("COO") of Real Live Records. Defendant's counsel further proffered that Defendant's mother and other family members were in the courtroom, and that the Pretrial Services Agency had verified Defendant's mother's address. Defendant's counsel also proffered that Defendant had no prior Bail Reform Act violations and no record of any escape.  Defendant's counsel argued that Defendant is a candidate for the electronic monitoring program, and asked that the court release him on conditions which include electronic monitoring.

The government briefly responded and proffered that the address on the Real Live Records letterhead is the address Defendant told the Pretrial Services Agency was his home address and that the purported CEO of the record company is Defendant's brother-in-law. Pretrial Services Agency reports that Defendant has prior convictions for attempted grand larceny and a violation of the Controlled Substances Act.  A Pretrial Services Agency representative proffered additional information at the bench in the presences of both counsel.

United States v. Blakney                                                                                                              4

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of significant quantities of cocaine, cocaine base, and heroin.

Second, the undersigned finds, based upon the evidence proffered by the government, that the weight of the evidence against the defendant is compelling.

Third, while defendant has ties to the community, his history and characteristics militate against pretrial release.  Of particular significance is the information proffered by the Pretrial Services Agency orally and in writing.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine, cocaine base and heroin has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that evidence of defendant's significant involvement in the distribution of narcotics, his possession of weapons, including an Uzi with over 40 rounds of ammunition, and his contemplation of use of the weapons to mortally wound the officers who executed the search warrant, all demonstrate that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer of evidence, and finds that it is insufficient to rebut either the presumption of fugitivity or the presumption of dangerousness.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

United States v. Blakney                                                                                                   5

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, defendant will be held without bond pursuant to the February 9, 2006 Order of Detention.

                                                                                      _____
                                                                                      DEBORAH A. ROBINSON
                                                                                      United States Magistrate Judge

    February 10, 2006
            DATE