UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v : | CRIMINAL NO.  06-21 (RWR) |
| : | |
| CINQUAN L. BLAKNEY : | |
| Defendant. : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b).  The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant, along with co-defendant Ralph B. Ingram, have been charged in a four-count indictment with: Unlawful Possession with Intent to Distribute of 5 Grams or More of Cocaine Base (Crack) and Aiding and Abetting, Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting, Unlawful Possession with Intent to Distribute Heroin and Aiding and Abetting, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and Aiding and Abetting.

On January 26, 2006, at approximately 8:40 p.m., members of the F.B.I. SWAT team and members of the F.B.I./ Metropolitan Police Department Safe Streets Task Force executed a District Court search warrant at XXXX, XXX, XXX, Washington, D.C.  As law enforcement officers approached the residence, co-defendant Ralph Ingram was in front of the residence.  Co-defendant

1

Ingram observed the law enforcement officers, who were wearing visible identification that they were law enforcement, approaching and ran inside XXXX. Law enforcement officers chased co-defendant Ingram towards the apartment, co-defendant Ingram closed the front door, and the law enforcement officers forced open the door.

Co-defendant Ingram and another Tristan Sellers were located in an upstairs bedroom. Co-defendant Cinquan Blakney and India Graves, Mr. Blakney's child's mother, were located in the other second floor bedroom.

Law enforcement officers searched the residence and found the following items. Inside the bathtub of the second floor bathroom was a blue Glad ziplock bag. Inside the blue Glad ziplock bag was a clear plastic bag containing brown powder, and another clear ziplock bag which contained eighty-seven smaller ziplock bags of brown powder. The brown powder was field-tested and gave a positive reaction as containing opiates. There was also another clear ziplock bag which contained a mixture of white rock-like substance and a white powder. The substances field-tested positive for cocaine, and weighed approximately 41.4 grams. Another clear plastic bag contained a white powder was recovered. The white powder was field tested and gave a positive reaction for cocaine. The bag and contents weighed 68.5 grams.

Co-defendant Ingram had on his person seventy-ziplock bags containing a brown powder which field tested positive for opiates. Located on the bathroom floor was a loaded UZI 9mm firearm. Also, inside the bedroom where co-defendant Ingram was located was a loaded .40 caliber Smith & Wesson semi-automatic firearm. Law enforcement officers located white residue inside the kitchen microwave, and three scales on the kitchen counter. The scales had a white residue on top of the scale. Defendant Blakney had approximately $1,862.00 in U.S. Currency, and there was

mail matter in defendant Blakney's name.

Both defendants, and Tristan Sellers[1] were arrested and charged with Unlawful Possession with Intent to Distribute Cocaine Base and Using, Carry and Possessing a Firearm During a Drug Trafficking Offense.

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug related convictions and/or arrests. The defendant has the following prior convictions: Unlawful Possession with Intent to Distribute heroin, from the District of Columbia, a Possession of Cocaine charge (juvenile), and Assault with a Deadly Weapon, two counts of Murder while Armed, Assault with Intent to Kill while armed, Carrying a deadly Weapon (gun), Possession of a Unregistered Firearm, Possession of Unregistered Ammunition, and Possession of a Prohibited Weapon (juvenile). The defendant was also charged in 2004 with Unlawful Possession of a Firearm and Ammunition by a Convicted Felon (Criminal No. 04-306). The defendant was found not guilty at trial. The government will supplement this information with additional specific facts when the case jackets are returned from closed files.

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

### Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive,

---

[1] Initially, Mr. Sellers was also charged, but his charges were dismissed on January 27, 2006.

intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that

restrictions would not be placed on the admission of such evidence").[2]

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the drugs inside the apartment, with the intent to distribute it. The "other crimes" evidence of defendant's previous possession of drugs with the intent to distribute it heroin, is highly probative of the defendant's knowing and intentional possession of the heroin and cocaine in this case. It also shows that the defendant's possession of the drugs was not the result of mistake or accident. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

The government also seeks to introduce the defendant's prior unlawful weapons and ammunition offenses. Numerous cases establish that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence. This Circuit has not hesitated to permit the introduction of the possession of another firearm as 404(b) evidence in a firearm case. In United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994), the defendant had been charged with six drug charges and two firearms charges. In addressing the issue of joinder raised by the defendant on appeal, the Court also addressed the issue of cross-admissibility of evidence pursuant to Fed. R. Evid. 401, 402, 403, and 404(b). In that case, the police executed a search warrant at the home of the co-defendant and there recovered drugs and guns in a safe. When arrested three months later, defendant Brown was carrying a pistol and pager. In affirming defendant Brown's conviction, the court held that the

pager and gun found on the defendant when he was arrested would have been admissible as 404(b) evidence had he been tried only on the gun and drug charges arising from the search warrant. Id. at 430-31.

Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. The Court next found that the evidence was more probative than prejudicial because the gun found during the arrest "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432; see also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities as well as prior possession of a firearm was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

Several decisions from other circuits have similarly held that possession of a firearm on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of prior possession of firearm properly admitted over Rule 403 objection as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's subsequent possession of handguns properly admitted over Rule 403 objection as proof of defendant's "knowledge, and absence of mistake or accident"); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (evidence of prior gun possession properly admitted over Rule 403 objection to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for carrying a firearm in

connection with a drug trafficking crime, evidence of prior gun possession properly admitted over Rule 403 objection because prior possession was probative of knowledge). Evidence of the defendant's prior possession of a firearm and ammunition should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident. See also United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984).

Evidence of the prior possession of a firearm by the defendant is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence in a felon-in-possession case brought under 18 U.S.C. Section 922(g), even if the defendant agrees to stipulate that he was previously convicted of a crime punishable by imprisonment for more than one year. In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court held that when a defendant in a felon-in-possession case offers to stipulate to his status as a felon, "evidence of the name or nature of the prior offense generally carries the risk of unfair prejudice." Id. at 185. Where such a risk substantially outweighs the probative value of the details of the prior conviction, it is an abuse of discretion not to accept an admission in a stipulation. Id. at 190-91. This normally applies, however, "only when the record of conviction would not be admissible for any purpose beyond proving status." Id. at 190. It does not apply if there is another "justification for receiving evidence of the nature of the prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident')," such as under Rule 404(b) of the Federal Rules of Evidence. Id. (quoting F.R.Evid. 404(b)). In such a case Rule 404(b) would "guarantee[] the opportunity to seek its admission. Id. In the present case, the defendant's prior convictions are admissible for purposes beyond proving status, and Rule 404(b) of the Federal Rules of Evidence justifies the admission of evidence of the prior firearm possession.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

    Respectfully submitted,

    KENNETH L. WAINSTEIN.
    United States Attorney
    Bar No. 451058

    _____
    Anthony Scarpelli
    George Eliopoulos
    Assistant United States Attorneys
    Narcotics Section, D.C. No. 474711
    555 4th Street, N.W.  #4816
    Washington, DC 20530
    Phone: 353-1679

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Motion To Admit Evidence Pursuant to Federal Rule of Evidence 404(b), to be served by Electronic Case Filing upon the attorney for the defendant Cinquan Blakney this ____th day of February, 2006.

    _____
    Anthony Scarpelli
    Assistant United States Attorney