UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v | : | CRIMINAL NO.  06-21 (RBW) |
| | : | |
| **CINQUAN L. BLAKNEY** | : | |
| Defendant, | : | |

## GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS PURSUANT TO RULE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior convictions for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.      The defendant, along with co-defendant Ralph B. Ingram, have been charged in a four-count indictment with: Unlawful Possession with Intent to Distribute of 5 Grams or More of Cocaine Base (Crack) and Aiding and Abetting, Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting, Unlawful Possession with Intent to Distribute Heroin and Aiding and Abetting, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and Aiding and Abetting.  The defendant has the following prior conviction:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Unlawful Possession with Intent to Distribute Heroin | Criminal No. 96-301 | D.C. | 57 months impris., 3 yrs. Sup rel. | 4-3-97 |
| Att. Grand Larceny | Dkt. No K87929 | Fairfax, Virginia | 3 yrs. impris. | 4-7-95 |
| Att. Grand Larceny | | Fairfax, Virginia | | 2-13-95 |

2.     Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendant's convictions clearly qualify and meet the requirements of Rule 609(b).

3.     In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In

Lewis, the defendant was charged, among other things, with distribution of phenmetrazine. After taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.[1]

5.   Inasmuch as every impeachment by prior conviction involve some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the convictions in assessing that credibility, involving as it does a serious and recent offense, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at 1058, n.35 (en banc).

preclude its use of such evidence for an improper purpose.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the governments motion to impeach the defendant's credibility with his prior convictions should he testify at trial.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> United States Attorney
> Bar No. 451058
>
> _____
> Anthony Scarpelli
> George Eliopoulos
> Assistant United States Attorneys
> Narcotics Section, D.C. Bar No. 474711
> 555 4th Street, N.W.  #4816
> Washington, DC 20530
> Phone: 353-1679

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Government's Motion To Impeach Defendant With His Prior Conviction Pursuant to Rule 609 to be served by Electronic Case Filing upon the attorney for the defendant Cinquan L. Blakney, Nathan Silver, Esquire, this ___th day of February, 2006.

> _____
> ANTHONY SCARPELLI
> Assistant United States Attorney