<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
|    **Plaintiff** | : |
| | : |
| **VS.** | : Criminal No.: 06-21-(1) (RBW) |
| | : |
| **CINQUAN LOUIS BLAKNEY** | : |
| | : |
|    **Defendant** | : |

<u>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
IN LIMINE SEEKING ADMISSION OF EVIDENCE PURSUANT
TO RULE 404(b) AND TO IMPEACH DEFENDANT WITH PRIOR
CONVICTIONS PURSUANT TO RULE 609**</u>

Defendant, Cinquan Louis Blakney, by and through undersigned counsel, opposes the Government's motion to impeach Mr. Blakney with his prior convictions pursuant to Rule 609.

The prior convictions which the Government seeks to introduce for impeachment purposes are (1) Unlawful Possession with Intent to Distribute heroin, from the District of Columbia, (2) a Possession of Cocaine charge (juvenile) and an assault with a Deadly Weapon, two (2) counts of Murder while Armed, Assault with Intent to Kill While Armed, Carrying a Deadly Weapon (gun), Possession of an Unregistered Firearm, Possession of Unregistered Ammunition, and Possession of a Prohibited Weapon (juvenile). The Defendant was also charged in 2004 with Unlawful Possession of a Firearm and Ammunition by a Convicted Felon (Criminal No. 04-306). The Defendant was acquitted at trial.

The Court should not permit impeachment with the convictions. The convictions related

by the Government are not particularly relevant to truthfulness or veracity. Clearly, none fall within those crimes admissible under Rule 609 (a)(2). *In U.S. v. Searwell,* 595 F.2d 771, 771 (DC Cir. 1978), the Court admonished "Rule 609 (a)(2) is to be construed narrowly; it is not carte blanche for admission of all previous convictions for purposes of impeachment. Only those crimes that bear upon the accused's propensity to testify truthfully are admissible." Moreover, there would be over whelming prejudice to Mr. Blakney if the jury were to learn that he had previously been convicted of prior distribution of CDS charges and weapons violations. *See e.g., commentary* to Fed. R. Evid. 609, U.S.C.S. L.Ed. (1998) at 781 (suggesting that a Defendant "stands a good chance" of not being impeached with convictions which are similar to the crime with which are similar to the crime with which the Defendant is charged, and/or are "particularly inflammatory"). It is respectfully suggested that a double homicide by a fourteen (14) year old during a drug transaction would be "particularly inflammatory".

Prejudice would not be outweighed by what probity the Government might assert in support of its desire to use the convictions to impeach Mr. Blakney if he chose to testify. Any arguable probative value of the conviction is outweighed by the prejudicial effect of the jury learning that Cinquan Blakney had been previously convicted of controlled dangerous substance violations, weapon violations and two (2) counts of Murder While Armed, none of which involve dishonesty or false statements. *See, e.g. U.S. v. Brackeen,* 969 F.2d 827 (9th Cir. 1992) (crimes of "dishonesty or false statement" include only "those crimes that factually or by definition entail some element of misrepresentation or deceit and not to those crimes which, bad though they are, do not carry with them a tinge of falsification.")

The only inference that evidence of the prior instances would assist the jury in making its'

decision is the reference prohibited by Rule 404(b) - - that because Mr. Blakney previously has possessed firearms, possessed with intent to distribute heroin and cocaine and was involved in a double homicide during a narcotic transaction, he possessed the firearms and possessed with intent to distribute the cocaine and heroin with which he is charged in this case.

Regarding the Government's request to introduce evidence of prior bad acts under Fed. R. Evid. 404(b) Mr. Blakney submits that such evidence is not relevant. Within the Government's nine (9) page Motion in Limine seeking the admission of other crimes evidence, is found the bald assertion that " The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake". In essence, the government's asserting that in order to prove in the instant case Mr. Blakney knowingly and intentionally possessed a firearm and knowingly and intentionally possessed with intent to distribute cocaine and heroin, they need evidence that in the past Mr. Blakney was involved in similar conduct.

The only inference in the instant case, among other things, the government must prove, is that the Defendant actually or constructively possessed both the weapons and controlled dangerous substances found as a result of a search warrant executed on January 26, 2006 at 2101 Ridgecrest Court, Apt. 204, S.E., Washington, D.C.

The government makes only a boiler plate claim of relevance to prove the exceptions recognized by law, intent, knowledge and absence of mistake. For that reason, the Court should deny the government's motion since it has not made factual allegations which, if established, would warrant the requested relief. *C.f., e.g., United States v. Lewis*, 40 F.3d 1325, 1332 (1st Cir. 1994); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983); *United States v. Migely*,

Page 3

596 F.d 511, 513 (1ˢᵗ Cir.), *cert. denied*, 442 U.S. 943 (1979) ("The Defendant must allege facts, sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented.") *Huddleston v. United States* 485 U.S. 681, 108 S.Ct. 1496 (1988), made clear that it is the evidence of the extrinsic act that is to be considered and that evidence cannot adversely reflect on character, but must be relevant to issues such as motive, opportunity, knowledge or issues regarding state of mind.  The Defendant is entitled to know the relevancy of the prior bad acts the government seeks to use.  Based on the information provided to the Defendant, it appears that the Defendant was twelve (12) to fourteen (14) years of age when he was involved in controlled dangerous substance violations and the double homicide. Since fourteen (14) years of age the Defendant was charged in 2004 with Unlawful Possession of a Firearm and Ammunition by a Convicted Felon but was found not guilty at trial.  The Defendant is now thirty (30) years of age.  The probity of one's acts as a youth of twelve (12) to fourteen (14) years of age would hardly seem probative of ones acts at age thirty (30).

      Wherefore, for these reasons and any others which might be advanced at any hearing on the government's motion in limine, the Court should deny the Motion seeking to introduce evidence under Fed. R. 609 and Fed. R. 404(b).

                                    Respectfully submitted,

                                    _____
                                    Louis J. Martucci, Pro Hac Vice
                                    14452 Old Mill Road, Suite 201
                                    Upper Marlboro, Maryland 20772
                                    301-780-9020   Fax 301-780-9024
                                    Counsel for Cinquan Blakney

Page 4

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition to Government's Motion in Limine Seeking Admission of Evidence Pursuant to Rule 404(b) and to Impeach Defendant with Prior Convictions Pursuant to Rule 609 was sent by Electronic Case Filing on this 12th day of June, 2006 to: A.U.S.A. Anthony Scarpelli, and A.U.S.A. George Eliopoulos.

Page 5

Case 1:06-cr-00021-RBW   Document 25   Filed 06/12/2006   Page 6 of 6

Page 5