THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.    : | Case Number: 06-CR-21-01-RBW |
| : | |
| : | |
| CINQUAN BLAKNEY, : | |
| : | |
| Defendant. : | |
| : | |

MOTION TO REVEAL THE IDENTITY
OF THE INFORMANT (S) AND THE BASIS OF THEIR RELIABILITY

COMES NOW THE DEFENDANT, CINQUAN BLAKNEY pursuant to Fed.R.Crim.P. 12(d)2 and 16, through his court appointed attorney, Anthony D. Martin, and requests an order requiring the United States Attorney to provide discovery for reasons set forth below.

*Procedural Posture*

Defense pre-trial motions are due on October 12, 2007. The government's response is due on November 9, 2007. The Defense reply is due on November 30, 2007. A status conference is set for January 11, 2008. Argument on the motions has been set for March 3, 2008. Jury selection is set for March 11, 2008 and the trial is scheduled to begin on March 12, 2008. The trial is expected to last through the month of June 2008.

*Background*

CINQUAN BLAKNEY was arrested on January, 26th, 2006. Mr. Blakney has been in custody from the date of his arrest to the present and continuing. He is being held at the District of Columbia Jail. He has been charged in a multi-count indictment alleging violations of 21 USC 841 and 846, 18 USC §1519, *inter alia*. A great deal of the evidence is expected to take the form

of audio recordings.

*Argument*

I. **The Government Must Disclose an Informant's Identity Where the Informant Actively Participated in the Acts Underlying the Prosecution.**

Some of the evidence in the case now before the court will in all probability be the testimony of government informants who were **involved** in several alleged controlled buys. *Fed.R.Crim.P* 12(b)(1) allows defense counsel to move for pretrial disclosure of an informant's identity. Moreover, the Supreme Court has held that the government must disclose an informant's identity where the informant **actively participated** and/or was a percipient witness to the acts underlying the prosecution.. *Roviaro v. United States,* 353 US 53 (1957):

> Under this circuit's rule disclosure of an informant is required when the informant is a "participant" in the event and not required when the informant is a "mere tipster," *McLawhorn v. North Carolina,* 484 F.2d 1, 5 (4th Cir.1973), *United States v. Bonilla*, 615 F.2d 1262 (9th Cir. 1980)(disclosure may be required at trial if the informant was present during events forming the basis of the offenses(s) charged, even if he did not participate in the underlying transaction); *United States v. Lewis*, 40 F.3d 1325, 1335 (1st Cir. 1994) (courts should required disclosure of a tipster's identity when disclosure is vital to preserving a fair trial).

In *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court recognized the "informer's privilege."

According to the Court:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.... The purpose of the

>privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. *Id.* at 60, 77 S.Ct. at 627 (citations omitted). While an informant's identity will often be privileged from disclosure, there are limits to the scope of that privilege arising from fundamental requirements of fairness. **Where the disclosure of an informer's identity or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.** In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.*Id.* at 60-61, 77 S.Ct. at 627-628 (footnotes omitted). The Court determined that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. Rather, **the problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense**. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.*Id.*

It is believed that the role played by the informant in *Roviaro* may be analogous to the role played by informants in this case. In *Roviaro,* the defendant was convicted of the sale of heroin and of knowing concealment and transportation after importation of heroin. An informant was involved in the events leading to Roviaro's arrest. During a material part of the criminal enterprise, a police officer hid in the trunk of a car while Roviaro and the informant engaged in a conversation about the drug deal and the informant drove to the pick-up point. The officer testified at trial regarding the conversation between Rovario and the informant, which the officer overheard. At trial, the informant's part in the transaction was described by government witnesses. *Rovario* sought disclosure of the informant's identity, and when the government refused, the district court did not compel disclosure. The Supreme Court found that the district court committed reversible error when it allowed the Government to refuse to disclose the

identity of an undercover employee who had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged.  The Court found that the charge against *Roviaro,* "when viewed in connection with the evidence introduced at the trial, is so closely related to [the informant] as to make his identity and testimony highly material." As the Court explained, "[t]he circumstances of this case demonstrate that [the informant's] possible testimony was highly relevant and might have been helpful to the defense." *Id.* at 63-64, 77 S.Ct. at 629.

In the case now before the court, we believe that there is at least one confidential informant who engaged in controlled buys as an active agent of law enforcement.  Hence, his/her conduct is tightly woven into the alleged wrongdoing being attributed to Mr. BLAKNEY.  The inextricable linking of the two requires that the government reveal not only the identity of the informant, but any information regarding him that is more specifically requested in the accompanying motion for discovery.

### *Prayer*

WHEREFORE, Mr. BLAKNEY respectfully requests an order directing the Government to reveal the informant's identity forthwith.

### REQUEST FOR HEARING

The Defendant respectfully requests a hearing on the motion to reveal the identity of the government informant(s).

Respectfully submitted,

By: _____
ANTHONY D. MARTIN
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700 (voice)
(301) 220- 0791 (fax)

Attorney for *CINQUAN BLAKNEY*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing MOTION TO PRESERVE NOTES AND EVIDENCE was sent by e-mail, hand delivered, sent by facsimile and/or postage pre-paid to the following individuals at the addresses appearing below and on the following page:

>George Eliopolious, Esquire
>Anthony Scarpelli, Esquire
>United States Attorney's Office
>555 Fourth Street, NW
>Washington, DC 20530

on Thursday, September 20, 2007.

_____
Anthony D. Martin, 362-537