THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Case Number: 06-CR-21-01-RBW |
| CINQUAN BLAKNEY, : | |
| Defendant. : | |

**MOTION IN LIMINE**
**REGARDING THE TESTIMONY OF LAW ENFORCEMENT PERSONNEL**

COMES NOW THE DEFENDANT, CINQUAN BLAKNEY pursuant to *Fed.R.Evid 701, 702; Fed.R.Crim.P* 12(b)(3)(C); and *Fed.R.Crim.P* 47.  He files the application for order through his court appointed attorney, Anthony D. Martin, and moves to limit the testimony of law enforcement personnel to their role as lay witnesses.

*Procedural Posture*

Defense pre-trial motions are due on October 26, 2007. The government's response is due on November 23, 2007.  The Defense reply is due on December 14, 2007.  A status conference is set for January 11, 2008.  Argument on the motions has been set for March 3, 2008. Jury selection is set for March 11, 2008 and the trial is scheduled to begin on March 12, 2008.  The trial is expected to last through the month of June 2008.

*Background*

CINQUAN BLAKNEY was arrested on January, 26th, 2006.  Mr. Blakney has been in custody from the date of his arrest to the present and continuing.  He is being held at the District of Columbia Jail.  He has been charged in a multi-count indictment alleging violations of 21

USC §841 and 846, 18 USC §1519, and 18 USC §2510, *et seq*, *inter alia*. A great deal of the evidence against Mr. Blakney is expected to take the form of audio recordings.

Mr. Blakney's arrest followed several months of investigation conducted by the "Safe Streets Task Force". The task force was composed of law enforcement personnel from the Federal Bureau of Investigation and the Metropolitan Police Department. It appears that the investigation was a spin off from an earlier investigation, where a great deal of information was learned about Mr. Blakney. Indeed, that earlier investigation resulted in the indictment of several individuals. The case was styled *United States v. Gerald Eiland;* and went to trial in March 2006. Although within the scope of the investigation; Mr. Blakney was not indicted in the *Eiland* case. The *Eiland* trial included several informants and cooperating witnesses; some of whom may give testimony in this case.

It is expected that some of the law enforcement officers involved in the *Eiland* case will be called to testify and give their personal opinion on the nature and content of these audio recordings. It is further anticipated that these same officers will seek to make general comments about their experience in other drug cases that have nothing to do with the case *sub judice*. In an effort to reduce the number of trial objections and bench conferences, counsel seeks a ruling on this anticipated testimony prior to trial.

*Argument*

**THE GOVERNMENT SHOULD NOT BE ALLOWED TO USE ITS CASE AGENT AS AN EXPERT WITNESS. TO DO SO WOULD INVITE MISCHIEF ON THREE POINTS: IMPROPER VOUCHING OF COOPERATORS; IMPERMISSIBLE SUMMATION DURING TRIAL; AND A VIOLATION OF THE CONFRONTATION CLAUSE.**

Mr. Blakney objects to the use of the case agent as an expert witness or a lay witness making determinations best left to the ken of an expert. He notes that S/A Scott Turner;

Detective K. Giannakoulias; S/A Dan C. Sparks and Detective Thms Webb all played significant roles during the investigation leading to the indictment in this case. Any one of them could be considered a case agent in this instance. Hence, Mr. Blakney seeks to limit their testimony to their personal first hand knowledge regarding matters peculiar to this case. More importantly, he seeks to have the government designate an expert other than one of these individuals to give an opinion on the alleged "coded" language on the audio recordings.

There are at least three reasons for this position. First, when a case agent gives an expert opinion, it amounts to an improper vouching for the credibility of other government witnesses, who testify about the same matter. Second, a case agents opinion constitutes a summation for the prosecution on the matter in dispute. Third, an unsuccessful challenge to a case agent's expert opinions enhances the credibility of the agent's testimony as a fact witness, which directly impacts upon a defendant's right of confrontation. *See, generally United States v. Dukagjini,* 326 f.3D 45, 53-56; 58-59 (2d Cir. 2002); *United States v. Foster*, 939 F.2d 445, 450-53 (7th Cir.1991).

### *Prayer*

CINQUAN BLAKNEY requests that the court rule that the government designate an "expert witness" in accordance with the Supreme Court's decisions in *Daubert v. Dow Pharmaceutical*, 509 US 579 (1993) and *Kumho Tire v. Carmichael*, 526 US 137 (1999) and that such expert be other than one of the lay witnesses who acted as members of the Safe Streets Task Force that investigated this case.

Respectfully submitted,

By: _____
ANTHONY D. MARTIN, 362-537

                    BELLE POINT OFFICE PARK
                    7841 Belle Point Drive
                    Greenbelt, MD 20770
                    (301) 220-3700; (301) 220-0791 (fax)