THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
             Plaintiff, :
:
v. : Case Number: 06-CR-21-01-RBW
:
:
CINQUAN BLAKNEY, :
:
             Defendant. :
:

**MOTION TO DISMISS THE INDICTMENT**
(Duplicitous Charging in the Indictment – Telephone Communications)

CINQUAN BLAKNEY, through his court-appointed attorney, Anthony D. Martin, moves pursuant to Fed. R. Crim. P 12(b)(3)(B) to dismiss the superseding indictment for the reasons set forth below.

*Procedural Posture*

Defense pre-trial motions are due on October 26, 2007. The government's response is due on November 23, 2007. The Defense reply is due on December 14, 2007. A status conference is set for January 11, 2008. Argument on the motions has been set for March 3, 2008. Jury selection is set for March 11, 2008 and the trial is scheduled to begin on March 12, 2008. The trial is expected to last through the month of June 2008.

*Background*

CINQUAN BLAKNEY was arrested on January, 26th, 2006. Mr. Blakney has been in custody from the date of his arrest to the present and continuing. He is being held at the District of Columbia Jail. He has been charged in a multi-count indictment alleging violations of 21 USC §841 and 846; 18 USC §922(g); 18 USC §924(c); 18 USC

§1519; and 18 USC §2510, and 18 USC §2 *inter alia*. Some of the charges contained in the indictment grow out of events occurring on the same date, same location and involve the same people and contraband. Yet he is charged in many of the counts with more than one violation and under more than one statute. As a result, Mr. BLAKNEY seeks a ruling on the legality of the duplicative nature of the charges contained in the indictment.

*Argument*

**THE INDICTMENT IS PROCEDURALLY INFIRM AND THEREBY DEFECTIVE FOR PURPOSES OF FACTFINDING BY VIRTUE OF ITS BEING DUPLICITOUS WITH RESPECT TO SEVERAL COUNTS WITHIN THE SUPERCEDING INDICTMENT.**

**A. Counts Two, Three, Eleven, Twelve, Thirteen, Twenty-Two through Thirty-Nine, Forty-Four through Forty-Six; Forty-Eight through Fifty-Four; Fifty-Seven; Fifty-Nine; Sixty-Three; Sixty-Five through Sixty-Nine; Violate the Double Jeopardy Clause, in that Each Contains a Charge of Violation of Two Separate Statutes. Moreover, these Counts Are Without Specification of the Violation Alleged Under 18 USC §2 Thereby Denying the Defendants Notice of the Crimes Alleged.**

Indictments charging two or more distinct offenses in a single count are duplicitous. *See, e.g., United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997)(count of indictment charging both conspiracy to import and attempt to import heroin duplicitous). In this instance, several counts carried the charge of aiding and abetting by simple citation to the statute. Hence, the allegations are not clear on the face of the charging document.

Duplicitous indictments obscure the specific charges and have been held to violate the accused's constitutional right to notice of the charges. *United States v. Huguenin*, 950 F.2d 23, 26 (1st Cir. 1991) (count of indictment not duplicitous when underlying concern of notice not raised); *United States v. Blandford*, 33 F.3d 685, 699 n.17 (6th Cir. 1994)(count of indictment held not duplicitous because cured by jury instruction; however, if duplicitous would have violated defendant's right to notice of the

charges). Duplicitous indictments may also prevent a jury from separately deciding guilt or innocence with respect to each particular offense, the creating uncertainty as to whether the defendant's conviction was based on a unanimous verdict.

### *Conclusion*

Given the fact that the indictment clearly charges more than one offense in several counts, the court should dismiss the indictment or force the government to elect which of the different violations it intends to prove at trial. In the alternative, the government should be required to strike the references to 18 USC §2 as surplusage.

### *Prayer*

WHEREFORE, Defendant respectfully requests that motion be granted and that an order issue dismissing the case or directing the government to elect and/or strike the reference to 18 USC §2.

Respectfully submitted,

By:_____
Anthony D. Martin, 362-537
BELLE POINT OFFICE PARK
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700

Attorney for CINQUAN BLAKNEY