THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case Number: 06-CR-21-01-RBW |
| : | |
| : | |
| CINQUAN BLAKNEY, : | |
| : | |
| Defendant. : | |
| : | |

**MOTION TO DISMISS THE INDICTMENT**
(Multiplicitous Charging in the Indictment – 924(c) and Counts)

CINQUAN BLAKNEY, through his court-appointed attorney, Anthony D. Martin, moves pursuant to Fed. R. Crim. P 12(b)(3)(B) to dismiss the superseding indictment for the reasons set forth below.

*Procedural Posture*

Defense pre-trial motions are due on October 26, 2007. The government's response is due on November 23, 2007. The Defense reply is due on December 14, 2007. A status conference is set for January 11, 2008. Argument on the motions has been set for March 3, 2008. Jury selection is set for March 11, 2008 and the trial is scheduled to begin on March 12, 2008. The trial is expected to last through the month of June 2008.

*Background*

CINQUAN BLAKNEY was arrested on January, 26th, 2006. Mr. Blakney has been in custody from the date of his arrest to the present and continuing. He is being held at the District of Columbia Jail. He has been charged in a multi-count indictment alleging violations of 21 USC §841 and 846; 18 USC §922(g); 18 USC §1519; and 18

USC §2510, *et seq*, *inter alia*. Some of the charges contained in the indictment grow out of events occurring on the same date, same location and involve the same contraband. As a result, Mr. BLAKNEY seeks a ruling on the legality of the multiplication of charges contained in the indictment.

*Argument*

I

**THE INDICTMENT IS PROCEDURALLY INFIRM AND THEREBY DEFECTIVE FOR PURPOSES OF FACTFINDING BY VIRTUE OF ITS BEING MULTIPLICITOUS IN THAT BOTH COUNTS REQUIRE PROOF OF ESSENTIALLY THE SAME FACTS.**

**A.     The Indictment is Defective With Respect to Counts Five and Six; Fourteen Fifteen, Sixteen and Seventeen; Nineteen, Twenty and Twenty-One, Because they Contemplate the Same Offense in Violation of the Defendants's Fifth Amendment Right Protection Against Double Jeopardy.**

The Double Jeopardy Clause of the Fifth Amendment declares: "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb…". Under this clause, an accused is protected from both successive prosecutions and multiple punishments for the same criminal offense. *See, United States v. Dixon*, 113 S.Ct 2849, 2860 (1993). Indictments charging a single offense in different counts are multiplicious and in violation of the Double Jeopardy Clause. *See, Blockburger v. United States,* 284 US 299, 304 (1932); *United States v. Zvi*, 168 F.3d 49, 57 (2nd Cir. 1999); *United States v. Alerta*, 96 F.3d 1230, 1239 (9th Cir. 1996) (indictment charging separate counts of conspiracy to distribute drugs and conspiracy to use firearms while trafficking drugs multiplicitous because both conspiracies arose under the same statute and did not require proof of distinct facts).

The indictment in the case now before the court is multiplicitous with respect to counts five and six; fourteen through seventeen; nineteen, twenty and twenty-one. Each

group charges the defendant with violating 18 USC 924(c) on the same dates and in the same locations. As a starter, the same statute is cited in the counts group together, there can be no dispute that the *Blockburger* test is satisfied with respect to these two counts as there are no elements contained in one of the counts that is not contained in the other. *Blockburger v. United States*, 284 US 299, 304 (1932). The evil in charging the defendant in this fashion is two-fold. To begin with they will be prejudiced in the eyes of the jurors who will undoubtedly be left with the impression that each must be guilty of something or he wouldn't have been charged with so many things. This is not idle speculation on the part of the defendants or counsel; it is a reality that has been addressed by several courts. *See, e.g., United States v. D*uncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988); *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986) *United States v. Dixon*, 921 F.2d 194, 196 (8th Cir. 1990)(multiplicitous indictment charging two (2) contemporaneous counts of possession of cocaine could have suggested to jury that defendant committed more than one crime).

Underscoring the defendants' argument is the indictment that shows that the overt acts alleged in the counts were contemporaneous, involved the same individual, the same location, the same method and manner of violation. In short, the government took one incident, gave it several labels and charged the same crime repeatedly. Treating these grouped counts as separate crimes clearly violates the defendants' protection under the 5th Amendment's Double Jeopardy Clause.

*Conclusion*

Given the fact that the indictment clearly charges the same offense in more than one count, the court should dismiss the indictment or force the government to elect which of the different 924(c) violations it intends to prove at trial. Furthermore, the government should be required to strike the references to 18 USC §2 as surplusage.

*Prayer*

WHEREFORE, Defendant respectfully requests that motion be granted and that an order issue dismissing the group counts or directing the government to elect.

Respectfully submitted,

By:_____
Anthony D. Martin, 362-537
BELLE P0OINT OFFICE PARK
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700

*Attorney for CINQUAN BLAKNEY*