# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | Case Number: 06-CR-21-01-RBW |
| : | |
| : | |
| CINQUAN BLAKNEY, : | |
| : | |
| Defendant. : | |
| : | |

### RESPONSE TO THE GOVERNMENT'S MOTION TO ADMIT
### ALLEGED BAD ACTS AND UNCHARGED MISCONDUCT

COMES NOW, CINQUAN BLAKNEY pursuant to Fed.R.Evid. 404(b) and responds to the government's filing entitled "Government's Notice and Motion to Admit Evidence of Other Crimes (Document #284 filed 24Apr06) for the reasons more fully set forth below.

*Procedural Posture*

Defense pre-trial motions are due on October 26, 2007. The government's response is due on November 23, 2007. The Defense reply is due on December 14, 2007. A status conference is set for January 11, 2008. Argument on the motions has been set for March 3, 2008. Jury selection is set for March 11, 2008 and the trial is scheduled to begin on March 12, 2008. The trial is expected to last through the month of June 2008.

*Background*

A federal grand jury began investigating the captioned case on April 29th, 2005 and returned an indictment on August 23rd, 2006. It is a forty-nine (49) page indictment containing one hundred fifteen (115) counts. The charging document alleges violations of 21 USC §841 and 846; 18 USC §922(g); 18 USC §924(c); 18 USC §1519; and 18

USC §2510, and 18 USC §2 *inter alia*.  The government seeks to introduce evidence of not only those crimes charged in the indictment, but uncharged misconduct as well.  It is the introduction of the uncharged misconduct that is being opposed in this filing.

*Argument*

**THE ALLEGED ACTS THAT THE GOVERNMENT SEEKS TO INTRODUCE AT TRIAL ARE INADMISSIBLE FOR AT LEAST THREE REASONS.  FIRST, THE LINKAGE REQUIREMENT TO THE CHARGED CONSPIRACY IS WITHOUT BASIS.  SECOND, THERE IS A FAILURE TO SHOW A COMMON TIME FRAME WITH RESPECT TO THE UNCHARGED MISCONDUCT AND THE CONSPIRACY.  THIRD, ANY PROBATIVE VALUE SUCH EVIDENCE MAY HAVE IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT.**

**A. The Assault Charges Referenced in the Government's 404(b) Filing (Document #9 22Feb06) Has No Bearing on any of the Charges Related to the Instant Offense and the Prejudicial Effect of Such Evidence Cannot be Overcome by Limiting Instructions**

On page three (3) of their motion to introduce uncharged misconduct, the government seeks to introduce evidence and make reference to two assaults and two murders and various hand gun violations committed simultaneously by CINQUAN BLAKNEY when he was a juvenile.  The government also seeks to make reference to and admit evidence concerning a weapons charge that Mr. BLAKNEY was acquitted of in 2004 in this very courthouse.

The text of Federal Rule of Evidence 404(b) reads as follows:

> **Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b) states, other crimes evidence is not admissible to show a propensity to commit bad acts. However, such evidence is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* None of the enumerated exceptions has been established. The government has failed to state with any specificity what it anything Mr. BLAKNEY is supposed to have done during the course of the investigation leading to this indictment that has anything to do with murder or assault. Any proffers in that regard would be nothing more than speculation based on hearsay. Hence, any reference to acts of violence on the part of Mr. BLAKNEY during his youth should be held inadmissible

**B.     The "Other Acts" Evidence Must be Excluded Under Federal Rule of Evidence 403 As Excessively Prejudicial.**

In order to admit the evidence, first the trial court must determine whether the evidence is relevant to a material issue other than character and then weigh the probative value against potential prejudice to the defendant. *United States v. Mitchell*, 49 F.3d 769, 775 (D.C. Cir. 1995). If the probative value is substantially outweighed by the prejudice, the evidence is inadmissible. *Id.* The temporal (as well as the logical) relationship between a defendant's later act and his earlier state of mind attenuates the relevance of such proof. *United States v. Watson*, 894 F.2d 1345, 1349 (D.C. Cir 1990); *United States v. Daniels,* 770 F.2d 1111 (DC Cir. 1985)*(***Exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds***).See, also United States v. Deaton,* 381 F.2d 114, (2d Cir. 1967). (The trial judge, in determining whether evidence of other crimes

should be admitted, is required, as with any potentially prejudicial evidence, to balance all of the relevant factors to determine whether the probative value of the evidence of other crimes is outweighed by its prejudicial character).

There are few acts more likely to inflame the passions of a jury than murder. Hence, it is safe to say that the real reason the government seeks to make reference to these regrettable and tragic acts has more to do with winning a conviction, than acting out of a sense of justice. Given the government agents multiple references in their affidavits to these past acts, it would appear that there is a vendetta afoot and that a conviction must be won this time at any costs. Mr. BLAKNEY is entitled to a fair trial based on the allegations contained in the current indictment as opposed to juvenile adjudications and acquitted charges. In short, he should not be judged twice for acts that have nothing to do with the matter now before the court.

*Conclusion*

Based on the foregoing, CINQUAN BLAKNEY respectfully requests this honorable court to enter an order precluding the Government from offering evidence of any other transactions other than those charged in the indictment.

*Request for Hearing*

Mr. BLAKNEY requests a hearing on his application for an order denying the government the right to introduce

                                        Respectfully submitted,

By: _____
     Anthony D. Martin, 362-537
     BELLE POINT OFFICE PARK
     7841 Belle Point Drive
     Greenbelt, MD 20770
     (301) 220-3700

     Attorney for *Cinquan Blakney*