FILED

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

APR 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.   06-21 (RBW) – 1 |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §846 |
| | : | (Conspiracy to Distribute and Possess With |
| CINQUAN BLAKNEY, | : | Intent to Distribute More than 1 |
| also known as Chaz, | : | Kilogram of Heroin, More than 5 |
| also known as Shorty, | : | Kilograms of Cocaine, More than 50 Grams |
| also known as Quan, | : | of Crack Cocaine Base, More than 1 |
| | : | Kilogram of PCP, and Marijuana |
| | : | |
| Defendant. | : | |
| _____ | : | |

## GOVERNMENT'S PROFFER OF EVIDENCE

1.      From no later than 2002 and continuing to and including January 2006, the defendant, Cinquan Blakney, also known as Chaz, also known as Shorty, also known as Quan, was associated in fact with and did knowingly and willfully combine, conspire, confederate and agree together and with persons both known and unknown to the United States to unlawfully, knowingly and intentionally distribute and possess with intent to distribute heroin, cocaine, crack cocaine, phencyclidine (PCP).  The narcotics trafficking conspiracy with which defendant Cinquan Blakney was associated took place in Washington, D.C., Virginia, Maryland, California, and elsewhere.

2.      During his participation in the above-described conspiracy, defendant Cinquan Blakney knowingly and intentionally conspired and agreed with a number of individuals, both known and unknown to the government, to distribute and possess with intent to distribute more than 10 kilograms of heroin, more than 15 kilograms of cocaine, more than 1.5 kilograms of crack cocaine base, more than 3 kilograms of PCP, and a quantity of marijuana, which amounts include amounts distributed or possessed with intent to distribute by defendant's co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by the defendant and within the scope of the defendant's conspiratorial agreement.

3.      During his participation in the conspiracy and as part of the conspiracy, defendant Cinquan Blakney negotiated the acquisition of, and acquired, heroin, cocaine, crack cocaine base, PCP and marijuana for redistribution purposes; transported or had co-conspirators transport on his behalf illegal narcotics from California, Virginia and Maryland to Washington, D.C. for redistribution; cut and packaged heroin, cocaine, crack cocaine base, PCP and marijuana for redistribution; cooked cocaine into crack cocaine base; utilized property of others to manufacture, cut, package and store illegal narcotics; recruited workers to participate in the manufacturing, packaging and distribution of illegal narcotics; participated in and supervised the distribution of

illegal narcotics; and collected the proceeds of narcotics trafficking.

4.      These activities included, but are not limited to, the following:

--      In 2002 and 2003, Cinquan Blakney and co-conspirators utilized Blakney's home at ¯                                          Washington, D.C., to store, manufacture and repackage illegal narcotics, including heroin and PCP, for redistribution. Blakney maintained 16-20 ounce juice bottles containing PCP and transferred the PCP with a syringe into many smaller glass bottles (like the type in which scented oil is sold). Blakney and co-conspirators distributed the PCP to other co-conspirators for redistribution in various locations in Washington, D.C., including the Wahler Place, Yuma Street Alley, and Condon Terrace areas. On March 3, 2004, the FBI executed a search warrant on Blakney's home at         .      _    _                      and recovered illegal contraband including grinders with heroin residue, and glass heroin containers.

--      In 2002 and 2003, Cinquan Blakney and his co-conspirators prepared and sold dippers (tobacco cigarettes and marijuana cigarettes dipped in PCP), small bottles of PCP, and marijuana out of a home at 725 Yuma Street, S.E., Washington, D.C. On September 11, 2003, the FBI executed a search warrant on this Yuma Street address and recovered illegal contraband, including approximately 8 pounds of marijuana.

--      In 2003, Cinquan Blakney and his co-conspirators utilized a home at 1138 Wahler Place, S.E., Washington, D.C., to store heroin and crack cocaine. On August 21, 2003, the FBI executed a search warrant at 1138 Wahler Place, S.E., and recovered illegal contraband belonging to Cinquan Blakney, including approximately a ½ kilogram of heroin, and about 150 grams of crack cocaine.

--      In 2005 Cinquan Blakney and his co-conspirators utilized a home at 2122 13th Street, S.E., Washington, D.C., to store, manufacture, cut and repackage for distribution purposes heroin,, crack cocaine base, PCP and marijuana. On December 30, 2005, the FBI executed a search warrant at 2122 13th Street, S.E., and recovered illegal contraband including numerous small glass bottles with PCP residue.

--      In 2005 Cinquan Blakney and his co-conspirators utilized a home on Chesapeake Street, S.E., Washington, D.C. to store and sell large quantities of marijuana.

--      In 2005, Cinquan Blakney acquired PCP, cocaine and marijuana from California through co-conspirators and arranged through co-conspirators to ship these illegal narcotics to Blakney in the Washington, D.C. area. Shipments were made by various means including through UPS. Co-conspirators made two such shipment on or about June 14, 2005, and July 22, 2005. The June 14, 2005 shipment contained approximately 20 ounces of PCP and the July 22, 2005 shipment contained approximately 20 ounces of PCP and a 1/2 kilogram of powdered cocaine. Prior to the July 22, 2005 shipment, Cinquan Blakney and his co-conspirators traveled to Long Beach, California to settle a drug debt and to arrange for the acquisition of the PCP and

cocaine. Cinquan Blakney and his co-conspirators arranged for the purchase of approximately 20 ounces of PCP and a 1/2 kilogram of powdered cocaine. Cinquan Blakney and co-conspirators arranged to have the PCP and cocaine shipped by UPS on or about July 22, 2005, from California to Cinquan Blakney in the D.C. area.

          --      In early January 2006, until January 5, 2006, Cinquan Blakney and other co-conspirators used a hotel room at the Embassy Suites Hotel in Arlington, VA to store, cook and package heroin and crack cocaine base for redistribution. The FBI recovered a wrapper for approximately one kilogram of heroin, which still contained heroin residue, and a plate from inside the microwave that contained crack cocaine residue.

          --      From 2005 until January 2006, Cinquan Blakney and other co-conspirators used a residence located at 2101 Ridgecrest Court, Apartment 204, S.E., Washington, D.C., to store, cook and package heroin, cocaine, crack cocaine and PCP for redistribution. Cinquan Blakney and his co-conspirators would distribute heroin, cocaine, crack cocaine and PCP to other co-conspirators in the Waler Place, High Point, Eastover and Naylor Road areas of Washington, D.C. On January 26, 2006, the FBI executed a search warrant at that address and recovered illegal contraband including crack cocaine base, cocaine, heroin, scales and crack cocaine residue in the microwave.

          --      On January 27, 2006, the FBI executed a search warrant on Cinquan Blakney's Chrysler minivan that was parked outside of the Ridgecrest apartment. The FBI recovered illegal contraband and narcotics trafficking paraphernalia, including coffee grinders, a large number of empty ziplock bags, cutting agents, spoons, strainers, razor blades, and rubber gloves.

          --      From 2005 until January 2006, Cinquan Blakney and other co-conspirators used a residence located at 811 Barnaby Street, S.E., Washington, D.C., to store, cut, cook, and repackage for redistribution illegal narcotics including crack cocaine and heroin.

5.      Cinquan Blakney has carefully read each and every paragraph of the 115-count indictment in this case, and he has no knowledge of any fact that would contradict or otherwise put in dispute the accuracy and truthfulness of any fact or allegation in the indictment.

6.      The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-

described conspiracy. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

GEORGE ELIOPOULOS
ANTHONY SCARPELLI
Assistants United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7294

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my participation in a conspiracy to distribute and possess with intent to distribute heroin, cocaine, crack cocaine base, PCP, and marijuana, in violation of Title 21, United States Code, Section 846. I have discussed this proffer fully with my attorney, Anthony Martin, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 29 APR 08

CINQUAN BLAKNEY
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's participation in a narcotics conspiracy. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 29 APR 08

ANTHONY MARTIN, Esquire
Counsel for Cinquan Blakney

4