UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  06-21 (RBW) |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §846 |
| | : | (Conspiracy to Distribute and Possess With |
| CINQUAN BLAKNEY, | : | Intent to Distribute More than 1 |
| also known as Chaz, | : | Kilogram of Heroin, More than 5 |
| also known as Shorty, | : | Kilograms of Cocaine, More than 50 Grams |
| also known as Quan, | : | of Crack Cocaine Base, More than 1 |
| | : | Kilogram of PCP, and Marijuana |
| | : | |
| Defendant. | : | |
| | : | |

FILED
APR 29 2008
Clerk, U.S. District and
Bankruptcy Courts

ELEMENTS OF THE OFFENSE

Cinquan Blakney has agreed to admit guilt and enter a plea of guilty to Count One of the Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin, 5 Kilograms or More of Cocaine, 50 Grams or More of Crack Cocaine Base, 1 Kilogram or More of Phencyclidine (PCP), and a detectable amount of Marijuana, in violation of 21 U.S.C. §846. The elements of this offense are as follows:

Conspiracy Count One

The essential elements of the offense of Conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 United States Code, § 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1)     First, that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute controlled substances. This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. It is enough that the government proves that there was a common understanding among those involved to commit the crime of distribution and possession with intent to distribute;

(2)     Second, that the Defendant intentionally joined in that illegal agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if the Defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times. *See United States v. Lam Kwong Wah*, 924 F.2d 298, 302-303 (D.C. Cir. 1991); *United States v. Pumphrey*, 831 F.2d 307, 308-309, 265 U.S. App. D.C. 306, 307-308 (D.C. Cir. 1987). These cases hold that the offense of violating 21 U.S.C. § 846 by conspiring to violate federal narcotics laws does not include an element of commission of an overt act in furtherance of the conspiracy. *See also Criminal Jury Instructions for the District of Columbia*, Instruction 4.93. The law makes Heroin, Cocaine, Crack Cocaine Base, PCP, and Marijuana controlled substances.

Possession With Intent To Distribute

Alternative B -- 21 U.S.C. § 841(a)(1)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant possessed a controlled substance;

2. That the Defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the Defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person. The law makes Heroin, Cocaine, Crack Cocaine Base, PCP, and Marijuana controlled substances.

Distribution of Controlled Substances

Alternative B - 21 U.S.C. § 841(a)(1)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the Defendant received or expected to receive anything of value in return.

2.  That the Defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. The law makes Heroin, Cocaine, Crack Cocaine Base, PCP, and Marijuana controlled substances.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

GEORGE ELIOPOULOS
ANTHONY SCARPELLI
Assistants United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7294

4