THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Case Number: 06-CR-21-01-RBW |
| CINQUAN BLAKNEY, : | |
| Defendant. : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW THE DEFENDANT, CINQUAN BLAKNEY, through counsel and submits the following for the court's consideration at the time of sentencing.

**I**
**PROCEDURAL POSTURE**

On April 29th, 2008, Mr. BLAKNEY pled guilty to conspiracy to distribute five (5) grams or more of cocaine base in violation of 21 USC §846. The plea was the result of long term negotiations that resulted in a Rule 11(c)(1)(C) agreement. The agreed term of imprisonment is fifteen (15) years incarceration. The case is currently scheduled for sentencing on July 17th, 2008.

**II**
**COMMENTS ON THE PRE-SENTENCE REPORT**

*General Comments and Objections*

At the outset it should be noted that Mr. BLAKNEY maintains his innocence regarding some of the specifications related to various counts, but admits that he is guilty of the conspiracy charge. (Referencing paragraph 24 which appears on page 8 of the PSR.)

1

*Specific Comments and Objections*

## 1. THE OFFENSE CONDUCT UNDER SEC 3B1.1

**Adjustment for Acceptance of Responsibility.** Mr. Blakney objects to the probation office determination that he has not fully accepted responsibility for his participation in the conspiracy. As previously stated, Mr. Blakney objects to and does not agree with several of the specifications related to charges that he did not plea to. It is anticipated that these charges will be dismissed at the time of his sentencing. (Referring to paragraph 24, page 8)

**Ability to Pay a Fine.** Despite his characterization as an organizer and leader of a major drug trafficking organization, Mr. BLAKNEY has no assets that would enable him to pay a fine.

## 2. THE OFFENDER CHARACTERISTICS

**Employment Record.** The PSR suggests that Mr. Blakney earned as much as two thousand ($2,000.00) per week selling CDs and other merchandise. The fact of the matter is that the merchandise would sometimes sit in stores for several weeks or months before being sold. Mr. Blakney would collect as much as two thousand dollars in the week that he collected on the merchandise that had been sold on consignment. He did not intend to give the impression that he earned as much on a weekly basis.

# STATUTORY FACTORS FOR CONSIDERATION[1]

## *Nature and Circumstance of the Offense*

---

[1] 3553. Imposition of a sentence

(a) **Factors To Be Considered in Imposing a Sentence.—** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);
(5) any pertinent policy statement—
(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.[1]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
(b) **Application of Guidelines in Imposing a Sentence.—**
(1) **In general**
Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

This memo only permits general comments regarding the social dynamics of America's Urban Centers, the country's history and policy considerations. Each of these factors only begins to explain why Cinquan Blakney's case is more common than it should be. For many of today's African-American males, the streets and the lure of quick money are an attractive (and destructive) alternative to the historical values of African-Americans. The distribution and use of drugs has caused more harm to African-Americans than should be tolerated by our society. However, our efforts to address the problem are arguably misplaced

Our focus should be directed more to prevention as opposed to prosecution and incarceration. We should be talking to kids as early as elementary school about the dangers and horrors that drug use can visit upon their homes and families. The government should be investing in research to develop medication that will make users violently ill if they use drugs. The medication should be mandatory during long terms of parole or probation. Finally, there should be serious discussion about legalizing the drug industry so as to take away the profit motive.

### *History and Characteristics of the Accused*

Both of Cinquan Blakney's parents were drug addicts. At one point in his childhood, both parents were incarcerated because of their involvement with drugs. He then came under the custody and care of his maternal aunt. According to Mr. Blakney, his aunt did not really care for he and his siblings; financially or emotionally. She was struggling with her own drug addiction.

By his own account he started selling drugs so as to help support himself and his siblings, all of whom were in the care of his aunt or other family members. It wasn't long

before he quit school and was being educated exclusively on the streets. The result of that street education is reflected in the listing of his tragic criminal history.

### *The Need for the Sentence Imposed*

A sentence of fifteen (15) years reflects the policy goals of the Department of Justice; promotes fear if not respect for the application of law as it applies to certain communities and provides what is arguably just punishment for the offense.

### *Deterrence Considerations*

In terms of general deterrence it is not likely that this case will have any effect on the drug epidemic in and around the Washington Metropolitan Area. In terms of specific deterrence Mr. Blakney's absence from the street will guarantee that for more than a decade he will not be able to participate in any further criminal activity.

### *Ability to Pay a Fine*

As noted in the PSR, Mr. Blakney has no assets or holding of any value that would make it possible for him to pay a fine.

### *Federal Designation Request*

Mr. Blakney asks that the court consider recommending that he be housed at FCI Petersburg, Virginia.

### *Drug Rehabilitation Request*

Mr. Blakney would benefit from a drug rehabilitation program with continued participation at the time of his supervised release. Hence, counsel requests that the court consider recommending him for such treatment and requiring that he continue with the same during his supervised release.

### *Character Witness Request*

Mr. Blakney's sister and his mother may request permission to address the court prior to his sentencing.

### *Prayer*

Mr. Blakney respectfully requests that the court approve and adopt the plea agreement and sentence him to the agreed term of imprisonment.

    Respectfully submitted,

_____
Anthony D. Martin, 362-537
BELLE POINT OFFICE PARK
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700; (301)220-0791